(10 Misc. Rep. 403.)

GATES et al. v. WILLIAMS.

(Common Pleas of New York City and County, General Term. December 3, 1894.)

APPEAL—REARGUMENT.

A reargument will not be granted, on the motion of respondent, to enable him to interpose the objection that the judgment appealed from had not been entered when the appeal was taken, where the return of the court below states "that judgment was in due form entered," though the return does not set out the judgment in extenso, since the return, though defective in that respect, could have been amended on proper application.

Motion by defendant (respondent) for reargument of the appeal from the order of the city court of New York, made at general term, which reversed a judgment rendered at trial term, and granted a new trial. Denied.

For the opinion of this court at the time of the decision of the appeal, see 29 N. Y. Supp. 712.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Geo. W. Stephens, for appellants.

James A. Deering, for respondent.

PER CURIAM. After reversal by this court of the order of the court below, the respondent for the first time objects to the jurisdiction of this court to hear and determine the appeal; and leave to reargue the appeal is applied for to enable her to interpose the objection, which is predicated exclusively of the fact that, as alleged, judgment of reversal was not entered in the court below on the order appealed from, and here reversed at the time when the appeal was taken. From the affidavit of counsel for the appellants sub-

mitted on this motion, it appears that judgment of reversal was entered in the court below when the appeal from the order granting a new trial was argued, submitted, and determined.   The return of the court below did not include the judgment of reversal in extenso; but, if the return was defective in that respect, the respondent could have had it amended upon proper application. Failing such an application, she must be deemed to have waived the defect.   This court was justified in entertaining and determining the appeal, since from the return of the court below, certified as required, it appears that "judgment was in due form entered" on the order of reversal and granting a new trial.   Motion for reargument denied, with $10 costs.